Peter J. FISCINA, Plaintiff–Appelllant,

v.

NEW YORK CITY DISTRICT COUN-
CIL OF CARPENTERS, Michael J.
Forde, Peter Thomassen, Denis Shiel
III, Lawrence D'Errico, Christopher
Wallace, Vincent Alongi, Joseph Oli-
veri, George Greco, Richard Harding,
Michael Mazzuca, David Meberg, Paul
O'Brien, Stuart Grabois, Richard
Ward, individually and in their capac-
ity as Administrators of the New York
District Council of Carpenter and
John Does 1–100, Defendants–Appel-
lees.

No. 05–6762–cv.

United States Court of Appeals,
Second Circuit.

Sept. 19, 2006.

Jeffrey A. Hoerter, Gambino, Hoerter & Mulvaney, P.C., New York, NY, for Plaintiff–Appellant.

Gary Silverman, O'Dwyer & Bernstein, New York, NY, for Defendants–Appellees.

Present: RICHARD J. CARDAMONE, ROGER J. MINER and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Peter Fiscina appeals from a judgment of the District Court for the Southern District of New York (Richard M. Berman, *J.*) denying his motion for summary judgment, granting defendants-appellees' cross motion for summary judgment, and dismissing his complaint. We assume the parties' familiarity with the facts, procedural posture, and issues on appeal.

We review *de novo* the District Court's grant of summary judgment. *See Coan v. Kaufman,* 457 F.3d 250, 254 (2d Cir.2006). Fiscina maintains that the District Court erred in concluding that the administrators of the pension plan for the New York City District Council of Carpenters acted within their discretion in denying Fiscina a pension. We disagree for two reasons.

First, the 1976 plan amendment eliminating the four-year medical grace period, as applied to Fiscina, does not violate the anti-cutback provision under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). That provision provides that an "accrued benefit ... may not be decreased by an amendment of the plan." 29 U.S.C. § 1054(g)(1). As applied to Fiscina, the 1976 amendment did not reduce an "accrued benefit." *See generally McDonald v. Pension Plan of the NYSA–ILA Pension Trust Fund,* 320 F.3d 151, 156 (2d Cir.2003) (defining accrued benefits as "those normal retirement benefits that an employee has earned at any given time during the course of employment"). The amendment merely eliminated the four-year medical grace period used to calculate break-in-service years; it did not diminish retroactively the vesting credits Fiscina had accumulated or any benefits for which he already had qualified. Indeed, at the time that the amendment became applicable to him, Fiscina had not qualified for any benefits, as he had accumulated only seven of the 15 vesting credits necessary to qualify for a pension. *See Cent. Laborers' Pension Fund v. Heinz,* 541 U.S. 739, 745–46, 124 S.Ct. 2230, 159 L.Ed.2d 46 (2004) (noting that "conditions set before a benefit accrues can survive the anti-cutback rule, even though their sanction is a suspension of benefits").

Nor did the amendment diminish the grace period from which Fiscina already had benefitted. Article 16 of the 1976 Plan preserved the two-year grace period Fiscina received during 1974 and 1975 under the plan in effect during those two years. Accounting for the two-year grace period preserved under Article 16, Fiscina still accumulated nine break-in-service years against seven vesting credits, which resulted in the elimination of those seven vesting credits.

Second, even if we considered the medical grace period to be an accrued benefit, and thus not subject to elimination by the 1976 amendment, the plan administrators acted within their discretion in de-

nying Fiscina a pension. Fiscina accumulated seven vesting credits between the years 1967 through 1973. He then had 11 consecutive one-year breaks in service between the years 1974 through 1984. Granting Fiscina credit for a four-year medical grace period, his consecutive break-in-service years summed to seven. Because Fiscina had an equal number of vesting credits and consecutive years-of-service breaks, ERISA's rule of parity, *see* 29 U.S.C. § 1052(b)(4), which the plan incorporated, permitted the plan administrators to forfeit Fiscina's seven vesting credits.

Fiscina urges that because he worked 30 hours in 1974, that year should not count as one of his 11 consecutive break-in-service years. Instead, he claims, the plan administrators should have granted him a full or partial vesting credit to reflect his 30 hours worked. However, the plan administrators were not required to grant Fiscina a whole or partial vesting credit for his 30 hours worked in 1974. Fiscina points to no plan provision that so requires. Moreover, evidence in the record indicates that pursuant to the plan, Fiscina was required to work 300 hours—ten times more than the hours he logged in 1974—to earn even a fractional vesting credit. Further, ERISA defines "year of service"—which vesting credits represent—as "a 12-month period during which the employee has not less than 1,000 hours of service." 29 U.S.C. § 1052(a)(3)(A). Fiscina's 30 hours fall well short of that mark. *See generally McDonald*, 320 F.3d at 160–61.

Finally, because Fiscina waited until his reply brief to challenge the District Court's dismissal of his New York State and City law claims, we deem those claims waived. *See Cioffi v. Averill Park Cent. School Dist. Bd. of Educ.*, 444 F.3d 158, 169 (2d Cir.2006).

For the reasons set forth above, we AFFIRM the November 16, 2005 judgment of the District Court.